**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEITH WARKENTIN, | No. 12-16510 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00221-DLB |
| v. | |
| FEDERATED LIFE INSURANCE COMPANY, a Minnesota corporation registered to do business in California, | MEMORANDUM[*] |
| Defendant - Appellee. | |

| | |
|---|---|
| KEITH WARKENTIN, | No. 13-15922 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00221-SAB |
| v. | |
| FEDERATED LIFE INSURANCE COMPANY, a Minnesota corporation registered to do business in California, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Dennis L. Beck, Magistrate Judge, Presiding

Argued and Submitted September 12, 2014
San Francisco, California

Before: FISHER, BERZON, and CHRISTEN, Circuit Judges.

These consolidated appeals concern a dispute over a disability income insurance policy that Federated Life Insurance Company issued to Keith Warkentin.[1]  We have jurisdiction under 28 U.S.C. § 1291.  We vacate the district court's order granting summary judgment to Federated and remand for proceedings consistent with this disposition.

After realizing he failed to timely oppose Federated's motion for summary judgment, Warkentin filed an opposition and requested that the district court "continue the [summary judgment] hearing 14 days to allow [Federated] time to reply to [Warkentin's] Opposition."  This request was filed the night before the hearing on the summary judgment motion.

Warkentin's request is most naturally read as a motion to extend the time for filing an opposition pursuant to Federal Rule of Civil Procedure 6(b).  Under this rule, when a motion to extend time is filed "after the time has expired," the court may extend the time upon a showing of "good cause" and "excusable neglect."

---

[1]  The parties are familiar with the facts, so we will not recount them here.

2

Fed. R. Civ. P. 6(b)(1)(B). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). A district court abuses its discretion by failing to engage in this four-factor test or at least the "equitable analysis" captured by the test. *Id.* at 1261.

Here, without issuing a written ruling on Warkentin's request, the district court implicitly denied it by not continuing the hearing and by writing, "[a]s Warkentin failed to timely oppose the motion, the Court considers Federated's version of the facts as undisputed for purposes of the motion." The court went on to grant summary judgment in favor of Federated on its rescission claim.

The record does not clearly indicate whether Warkentin suffered prejudice as a result of the implicit denial of his motion to continue. In its June 11, 2012 order denying Warkentin's first motion for reconsideration, the court stated that Warkentin suffered no prejudice because it allowed him to participate in oral argument on the summary judgment motion and also considered his untimely

3

opposition when it ruled on the motion. In its April 16, 2013 order denying Warkentin's subsequent request for reconsideration, the court reiterated its reasoning that Warkentin was not prejudiced because the court had "read and considered" Warkentin's opposition, and any excusable neglect associated with the untimely filing was immaterial.

But the record is inconsistent regarding whether Warkentin suffered prejudice. First, despite its statements in the orders on Warkentin's motions for reconsideration, the court's order granting summary judgment memorialized the district court's decision that Warkentin was "not entitled to be heard" in opposition to the summary judgment motion, and that the court considered Federated's version of the facts as undisputed for purposes of the motion. The order itself is ambiguous because it goes on to reject, in the alternative, Warkentin's legal arguments and attempt to "raise a factual dispute" in his late-filed opposition.

In rejecting Warkentin's argument that he "failed to read the Policy thoroughly and correct the misstatement," the district court also appears to have concluded that summary judgment was appropriate because the court understood the disability policy allowed Federated to rescind the contract based on a showing of unintentional misrepresentation. Here, because the policy had been in force for more than two years, its express terms required a showing of fraud in order to

4

rescind the contract. The California statutory definition of fraud, which requires intent to deceive, Cal. Civ. Code, § 1572, governs. Warkentin's opposition may, if considered, be sufficient to raise a triable issue of fact as to whether Warkentin intended to deceive Federated. In support of his opposition, Warkentin submitted excerpts from his deposition in which he testified that he was not asked about visits to a chiropractor, that he was not shown the written terms of the policy when he signed it, that he did not see the statement about chiropractors in the policy until after he signed it, and that he notified Federated of the misstatement when he noticed it approximately one month after receiving the policy.

Our review is hindered because the transcript of the March 23, 2012 hearing on Federated's summary judgment motion abruptly ends due to "audio problems." Unfortunately, at the point the recording is cut off, Warkentin's counsel was describing the reason his office calendared the incorrect deadline for the opposition, based on its understanding of the current controlling rule. From the record available, we cannot determine whether the district court applied the four-part test described in *Ahanchian* to determine whether excusable neglect was shown. If it did not do so, the district court abused its discretion.

If the district court properly denied the request for more time under Rule 6(b)(1)(B), that would present the question whether the court should, on account of

the untimeliness of Warkentin's response, have "consider[ed Federated's statement of facts as] undisputed for purposes of the motion [for summary judgment]." Fed. R. Civ. P. 56(e)(2). Rule 56 is clear that although a court *may* deem facts admitted in the exercise of its discretion, it need not do so. *See* Fed. R. Civ. P. 56 Advisory Committee Notes (2010) (noting that "the court may choose not to consider [a] fact as undisputed, particularly if the court knows of record materials that show grounds for genuine dispute," and that, "[i]n many circumstances . . . the court's preferred first step" will be to "afford an opportunity to properly . . . address" purported undisputed facts). It appears the district court did invoke Rule 56(e)(2), although again, the district court's order is unclear in this respect, as it indicated both that the court "reviewed and considered the entire record to determine whether [Federated's] motion for summary judgment is supported," and that the court "consider[ed] Federated's version of the facts as undisputed" under Rule 56(e)(2). The reference to Rule 56(e)(2) does not indicate that the district court considered any alternatives to treating the facts as undisputed. In the absence of a transcript from the hearing or any further elaboration as to the court's reasons for doing so, we cannot determine on this record whether the district court's decision in this respect was a proper exercise of its discretion under Rule 56(e)(2).

6

We vacate the order granting summary judgment and remand to the district court. On remand, the district court shall: (1) exercise its discretion as to whether Warkentin established excusable neglect for the late-filed opposition; (2) if not, exercise its discretion as to whether to deem Federated's proposed undisputed facts as admitted or instead take other action, such as allowing the entry of the late-submitted factual material while providing Federated with time to respond; and (3) decide whether Federated is entitled to summary judgment on its rescission claim, applying the proper fraud standard to such facts as the district court determines are properly in the summary judgment record.

Because we vacate the district court's summary judgment order (No. 12-16510), Warkentin's appeal of the district court's April 18, 2013 order denying his motion for reconsideration (No. 13-15922) is moot.

In No. 12-16510, **VACATED** and **REMANDED** for proceedings consistent with this disposition.

In No. 13-15922, **DISMISSED AS MOOT**.

7